IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. QUICK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1130-L |
| | § | |
| RICHARD BEACUM | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. §

636(b) and a standing order of reference from the district court.  The findings and recommendation

of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Steven W. Quick, an inmate

in the TDCJ-ID, against Richard Beacum, a state district judge.  On June 1, 2005, plaintiff tendered

a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*.

Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the

funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and

allowed the complaint to be filed.  A *Spears*[1] questionnaire was then sent to plaintiff in order to

obtain additional information about the factual basis of this suit.  Plaintiff answered the

questionnaire on August 12, 2005.  The court now determines that this action is frivolous and should

be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

----

[1]   *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff generally alleges that defendant violated his constitutional rights during a state criminal proceeding.  In particular, plaintiff criticizes defendant for allowing the prosecutor to refer to him as a child molester and for ordering a mental evaluation by an incompetent psychiatrist.  As relief, plaintiff seeks $950 million in damages.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory.  *Neitzke*, 109 S.Ct. at 1831.  A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature.  *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff has sued Richard Beacum, a state district judge, for civil rights violations arising out of his prosecution on unspecified criminal charges.  This suit is without an arguable basis in law for at least two reasons.  First, no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid.  (*See Spears* Quest. #4).  Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995).  Second, judges are immune from suit for actions taken within the scope of their jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978).  Because

defendant was acting within the scope of his authority as a state district judge at all times relevant to this action, he is entitled to absolute immunity.

## <u>RECOMMENDATION</u>

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE